UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Eloi Kouekassazo,**

    **Plaintiff,**      :      Case No. 2:19-cv-1578

    v.      Judge Sarah D. Morrison
     :      Judge Kimberly A. Jolson

**City of Columbus,** *et al.*

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court on five motions filed by Plaintiff (ECF Nos. 28, 29, 42, 54, 55) and Defendants' Motion for Summary Judgment (ECF No. 41). Each motion will be addressed below.

### I. BACKGROUND

On October 22, 2019, Plaintiff Eloi Kouekassazo filed an Amended Complaint against the City of Columbus and various Columbus police officers under penalty of perjury. (Amended Compl., ECF No. 23.) Because of the signed perjury statement, and because Mr. Kouekassazo is *pro se*, the Court treats the Amended Complaint as a declaration[1] and thus permissible evidence in the record that can defeat summary judgment.

Mr. Kouekassazo alleges that various Columbus police officers have engineered a large-scale conspiracy against him in order to deprive him of his civil rights. (*Id.* at 3.) He alleges, for example, that these police officers have followed him, surveilled him, tapped his phones, and tracked his internet activity. (*Id.*) Mr. Kouekassazo also contends that members of this alleged conspiracy have damaged his car, impeded his ability to find a job and an apartment, and tried to

---

[1] *See Williams v. Browman*, 981 F.2d 901, 903 (6th Cir. 1992) ("It is well established that . . . *pro se* pleadings should be construed more liberally than pleadings drafted by lawyers.").

1

abduct him. (*Id.* at 5–6.) He also lists license plates of various vehicles that he alleges have been used in the conspiracy, as well as various phone numbers from which he says that he has received harassing phone calls. (*Id.* at 6–8.)

Mr. Kouekassazo has also submitted an affidavit in support of his response to Defendants' Motion for Summary Judgment (ECF No. 56) and has moved for leave to file an exhibit in further support of his response (ECF No. 55). The affidavit substantially repeats the allegations in the Amended Complaint. The exhibit is a March 4, 2020, discrimination complaint that Mr. Kouekassazo appears to have filed with his employer, Walmart. (*Id.*) The Court construes this as another declaration in support of Mr. Kouekassazo's summary judgment response. The exhibit rehashes some of the same information that Mr. Kouekassazo included in his Amended Complaint and his affidavit, and it also includes other material related to Mr. Kouekassazo's grievances against his Walmart supervisors. The motion for leave to file the exhibit is **GRANTED**.

In sum, Mr. Kouekassazo offers no relevant evidence besides his own assertions and beliefs in the Amended Complaint, the affidavit, and the letter to Walmart nor does he offer any genuine evidence connecting any Columbus police officers to his allegations.[2]

## II. DISCUSSION

### A. Motion for Recusal

On April 9, 2020, Mr. Kouekassazo filed a motion for the recusal of three judges of the United States District Court for the Southern District of Ohio—United States District Court

---

[2] The other information Mr. Kouekassazo offers has no more evidentiary value than his Amended Complaint, his affidavit, or the letter to Walmart. For example, Mr. Kouekassazo has introduced photographs into the record, (ECF No. 40-1, at 24–29), but these photographs do not help Mr. Kouekassazo prove his claims.

Judge Michael Watson, United States Magistrate Judge Kimberly Jolson, and the undersigned judge. (ECF No. 54.) Defendants oppose this motion. (ECF No. 57.)

A district judge or magistrate "shall" disqualify himself or herself in any proceeding in which the judge's "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). It is "rarely" the case that a judge's opinions that derive from judicial proceedings will constitute adequate grounds for recusal under section 455(a). *Liteky v. United States*, 510 U.S. 540, 554 (1994). In particular, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Id.* at 555. A judge's opinions are only grounds for recusal where they "derive[] from an extrajudicial source" or "they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Id.* "[E]xpressions of impatience, dissatisfaction, annoyance, and even anger" do not meet this high bar. *Id.* at 555–56.

First, Mr. Kouekassazo moves for Judge Jolson's recusal on the ground that she "expressed personal opinions" about his motion for dismissal. (ECF No. 54, at 1.) It is difficult to understand what exactly Mr. Kouekassazo alleges that Judge Jolson said. Regardless, even assuming Judge Jolson opined on Mr. Kouekassazo's motion, this is not grounds for recusal. Indeed, it is the job of a judicial officer to "express opinions" about matters pending before the Court. Judicial opinions are "grounds for appeal, not for recusal." *Liteky*, 510 U.S. at 555.

Mr. Kouekassazo next moves for the recusal of Judge Jolson, Judge Watson, and the undersigned for allegedly violating two court orders (ECF Nos. 13 and 22) and for purported "inactivity with regard to motions filed by plaintiff . . . ." (ECF No. 54, at 1–2.) With his reference to ECF No. 13 (the order reassigning this case to the undersigned), Mr. Kouekassazo appears to be referring to various court documents that erroneously listed Judge Watson as the presiding judge even after this case was transferred to the undersigned. Similarly, with his

3

reference to ECF No. 22 (the order granting Mr. Kouekassazo's Motion for Leave to File Amended Complaint), Mr. Kouekassazo appears to be referring to various court documents that erroneously listed the Columbus Division of Police Headquarters as a defendant despite Mr. Kouekassazo's substitution of the City of Columbus in the Amended Complaint. While the Court acknowledges the typographical errors, such trivial matters have nothing to do with judicial impartiality. Even judicial officers are fallible, but such inconsequential blunders are not grounds for recusal. *Cf. Liteky*, 510 U.S. at 555–56 ("*Not* establishing bias or partiality . . . are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display.").

As for Mr. Kouekassazo's complaint that the Court has not yet ruled on his motions, this basis for recusal is equally meritless. It is not Mr. Kouekassazo's job or responsibility to police how this Court manages its docket, and this Court's discretion in how it does so is not a basis for recusal. *Cf. Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (describing the courts' power "'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases'" (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962))).

Finally, Mr. Kouekassazo asserts that the three named judges have demonstrated "personal bias" against him "for the benefit of" Defendants. (ECF No. 54, at 2.) He points to nothing to support this claim except for the same frivolous grounds that the Court has already deemed to be inadequate to support his motion.

The Motion for Recusal is **DENIED**.

### B. Motion for Summary Judgment

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant has the burden of establishing there are no genuine issues of material fact, which may be achieved by demonstrating the nonmoving party lacks evidence to support an essential element of its claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Barnhart v. Pickrel, Schaeffer & Ebeling Co.*, 12 F.3d 1382, 1388–89 (6th Cir.1993). The burden then shifts to the nonmoving party to "'set forth specific facts showing that there is a genuine issue for trial.'" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting Fed. R. Civ. P. 56). When evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970).

A genuine issue exists if the nonmoving party can present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339–40 (6th Cir. 1993). In other words, "summary judgment will not lie . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *accord Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (concluding that summary judgment is appropriate when the evidence could not lead the trier of fact to find for the non-moving party).

In a claim brought pursuant to 42 U.S.C. § 1983, the "plaintiff must show that the defendant was 'personally involved in the alleged constitutional violations.'" *Abu-Joudeh v. Schneider*, No. 19-1337, 2020 WL 1482382, at *6 (6th Cir. Mar. 27, 2020) (quoting *Binay v. Bettendorf*, 601 F.3d 640, 650 (6th Cir. 2013)). "Thus, to survive summary judgment, a plaintiff must put forward evidence suggesting that the defendant participated in the violation of the

5

plaintiff's rights, since 'as a general rule, mere presence at the scene . . . without a showing of direct responsibility for [any] action[s], will not subject an officer to liability.'" *Id.* (quoting *Binay*, 601 F.3d at 650).

For purposes of this motion, because the Court treats the Amended Complaint as a declaration and because Mr. Kouekassazo is the nonmoving party, the Court assumes that the specific acts alleged happened. For example, the Court assumes that Mr. Kouekassazo has received harassing phone calls, that his car was damaged, and that some individuals tried to abduct him. However, Mr. Kouekassazo's statements that these events happened are not proof of who perpetrated these events. Mr. Kouekassazo offers nothing more than an assumption that Columbus police officers did so, but his assumptions are not admissible evidence.

Even if the alleged events happened, Mr. Kouekassazo must *prove* Defendants' specific involvement. He cannot just assume it. Defendants have demonstrated that Mr. Kouekassazo has no evidence that Columbus police officers were the perpetrators of the alleged conduct. It is thus Mr. Kouekassazo's burden to present significant probative evidence establishing this crucial element of his claims. *See Am. Speedy Printing Ctrs., Inc. v. AM Mktg., Inc.*, 69 F. App'x 692, 696–97 (6th Cir. 2003). But the only evidence that Mr. Kouekassazo offers to establish this necessary nexus between Defendants and the alleged conduct are his own accusations, and his beliefs are not admissible evidence because they are not based on personal knowledge. *Ondo v. City of Cleveland*, 795 F.3d 597, 604–05. (6th Cir. 2015). For example, Mr. Kouekassazo may believe that Defendants damaged his car and tried to abduct him, but he offers no evidentiary bases for those beliefs.

While Mr. Kouekassazo may offer a declaration or an affidavit as evidence under Rule 56, it "must be made on personal knowledge, set out facts that would be admissible in evidence,

6

and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). The documents that Mr. Kouekassazo provides do not clear any of these hurdles. He offers the Court nothing more than his beliefs and assumptions based on speculation rather than personal knowledge. They do not constitute admissible evidence, and Mr. Kouekassazo has failed to demonstrate his competence to testify on these matters. *See* Fed. R. Evid. 602.

Because Mr. Kouekassazo offers no evidence to support the idea that Defendants have committed any of the illegal acts that he alleges, a reasonable jury could not possibly return a verdict in his favor. In the end, Mr. Kouekassazo is left with nothing more than "his own self-serving innuendo and speculation, which does not suffice to survive summary judgment." *Sperber v. Nicholson*, 342 F. App'x 131, 132 (6th Cir. 2009); *accord Mitchell v. Toledo Hosp.*, 964 F.2d 577, 584–85 (6th Cir. 1992) ("[R]umors, conclusory allegations and subjective beliefs . . . are wholly insufficient evidence to establish a claim of discrimination as a matter of law."); *cf. Davis v. Gallagher*, 951 F.3d 743, 750 (6th Cir. 2020) ("[W]here self-serving testimony is blatantly and demonstrably false, it understandably may not create a *genuine* issue of material fact, thereby allowing a court to grant summary judgment.").

Defendants' Motion for Summary Judgment is **GRANTED**.

Frivolous lawsuits and meritless motions are a waste of this Court's limited resources. Mr. Kouekassazo is advised that even as a *pro se* party, he is subject to the Federal Rules of Civil Procedure, including Rule 11, which allows for a party to be sanctioned for presenting frivolous claims or for presenting claims or motions for the purposes of harassment. *See* Fed. R. Civ. P. 11. He is also warned that affidavits "submitted in bad faith or solely for delay" may be cause for sanctions. Fed. R. Civ. P. 56(h). Mr. Kouekassazo is not entitled to exploit the justice system to settle his personal grievances.

### C. Remaining Motions

Because the Court grants Defendants' Motion for Summary Judgment, Plaintiff's Motion for Disclosure (ECF No. 28) is **DENIED** as moot.[3]

That leaves Plaintiffs' Motion for Leave to correct a mistake in the Amended Complaint (ECF No. 42) and his Motion for Leave to Amend (ECF No. 29). The Court construes both of these motions as seeking leave to amend the Amended Complaint. Leave to amend a complaint "may be denied where the amendment would be futile." *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 569 (6th Cir. 2003). The only amendments that Mr. Kouekassazo seeks to make are to correct one of Defendants' names (ECF No. 29) and to assert an additional basis for jurisdiction (ECF No. 42). Neither relates to the merits of Mr. Kouekassazo's claims. Because the Court has determined that summary judgment is warranted, any amendment that would have no bearing on the merits of Mr. Kouekassazo's claims would be futile. The motions are **DENIED**.

## III. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Leave to File an Exhibit is **GRANTED**. Plaintiff's Motion for Recusal, Motion for Disclosure, Motion for Leave to Amend, and Motion for Leave to correct a mistake are **DENIED**. Defendants' Motion for Summary Judgment is **GRANTED**.

**IT IS SO ORDERED**.

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**

---

[3] It is worth noting that Mr. Kouekassazo seeks information that Defendants claim they do not have and thus cannot disclose. (ECF No. 30, at 2–3.) Mr. Kouekassazo offers no evidence that would indicate Defendants are being dishonest, and the Court cannot order Defendants to disclose information that they do not have no matter how strong or sincere Mr. Kouekassazo's belief is that they do.